IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL D. ZIMMERMAN                                                                PLAINTIFF

V.                                        NO. 14-3098

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael D. Zimmerman, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on December 28, 2011, alleging an inability to work since March 1, 2011, due to coronary artery disease, depression, and bipolar disorder. (Tr. 170-182, 210, 214).  An administrative hearing was held on March 14, 2013, at which Plaintiff appeared with counsel and he and his mother testified. (Tr. 44-75).

By written decision dated August 1, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – coronary artery disease, personality disorder and depressive disorder. (Tr. 28).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments

did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 30). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can understand, remember and carry out simple, routine and repetitive tasks. He can respond to usual work situations, routine work changes and supervision that is simple, direct and concrete. He can occasionally interact with coworkers and the public.

(Tr. 32). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would not be able to perform any of his past relevant work, but there were other jobs Plaintiff would be able to perform, such as bench hand, eye glass frame polisher, and hand packager. (Tr. 36-37).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on September 5, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. <u>Edwards</u>

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

3

to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred in his RFC determination relating to Plaintiff's mental impairments; and 2)  Whether the ALJ erred in determining that Plaintiff's failure to seek adequate treatment from a mental health provider and periods of medicinal non-compliance was not considered relevant to his antisocial personality disorder. (Doc. 9).

#### A. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The record reveals that Plaintiff was noncompliant with his medication and failed to quit smoking when advised to do so. (Tr. 6, 12, 339, 341, 358, 369, 477, 587, 588). These are both significant factors in determining Plaintiff's credibility.

The Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

Plaintiff makes the argument that because Plaintiff suffered from personality disorder, the ALJ should have considered this relevant to Plaintiff's non-compliance. In his decision,

5

the ALJ found that although the record reflected Plaintiff had a history of at least intermittent outpatient medication management for mood instability/depression and anxiety provided by his primary care physicians, there was no evidence that he had sought professional mental health treatment, even though such was recommended in May of 2010. In April of 2013, he was to start services for mental health work and to stabilize his mood. (Tr. 34). The ALJ found the lack of formal treatment to be a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment. Although Plaintiff does not rely on the holding in Pates-Fire v. Astrue, 564 F.3d 935, 945-946 (8th Cir. 2009), the Court has considered said holding, and concludes that it does not apply in this case because the evidence does not indicate his non-compliance or failure to seek treatment was attributable to his mental evidence. Cf. Young v. Colvin, No. 13-3205-CV-S-ODS, 2014 WL 696335 (W.D. Mo., Feb. 24, 2014).

Plaintiff also argues that the ALJ is without enough concrete opinions submitted by Dr. Bunting relative to her examination of Plaintiff to place the "significant" weight on it that he placed. The ALJ correctly noted that the record showed that Plaintiff's mental symptoms responded relatively well to medication. (Tr. 34-35). For example, on September 15, 2010, Plaintiff reported that with respect to his depression, he was doing well since he had added Seroquel to Zoloft. (Tr. 318). It is also noteworthy that on August 13, 2011, when he was in the hospital, Plaintiff denied anxiety, and a history of depression. (Tr. 340). The Court also notes that Dr. Nancy A. Bunting reported on March 27, 2012, that Plaintiff reported he had two empty bottles of Seroquel and that he had missed an appointment to have them refilled. (Tr. 477). Dr. Bunting diagnosed Plaintiff with depressive disorder nos and personality disorder nos, and assigned Plaintiff a GAF score of 50-60. (Tr. 480). Dr. Bunting found it

6

"striking" that Plaintiff, who had had two heart attacks, was still smoking. (Tr. 480). Dr. Bunting reported that Plaintiff was able to do all his self-care skills, could do his regular chores like washing dishes, doing laundry, sweeping, vacuuming, cooking, and cleaning. (Tr. 480). Dr. Bunting also found that Plaintiff communicated and interacted in a socially adequate manner; communicated in an intelligible and effective manner; had some ability to cope with the typical mental/cognitive demands of basic work-like tasks; had limited ability to deal with co-workers and supervisors by his report; and had some ability to deal with the public. (Tr. 481). She also found Plaintiff had some ability to attend and sustain his concentration on basic tasks; had some ability to sustain persistence in completing tasks for at least short periods of time; and had some ability to complete work-like tasks within an acceptable timeframe unless his pain and fatigue interfered. (Tr. 481).

The ALJ gave significant weight to Dr. Bunting's opinion and great weight to the state agency medical consultants' opinions. (Tr. 36). On April 4, 2012, a Psychiatric Review Technique report and Mental RFC Assessment were completed by non-examining consultant, Christal Janssen, Ph.D. (Tr. 482, 496). Dr. Janssen considered Dr. Bunting's conclusions and concluded that Plaintiff had a mild degree of limitation in activities of daily living and moderate degree of limitation in maintaining social functioning and in maintaining concentration persistence, or pace, and no episodes of decompensation, each of extended duration. (Tr. 492). She also found that Plaintiff would be able to perform simple/repetitive work with incidental interpersonal contact and direct/concrete supervision (unskilled work) (Tr. 498). On June 12, 2012, Kevin Santulli, Ph.D., affirmed Dr. Janssen's decision. (Tr. 531). When Plaintiff presented himself to Dr. Ronald Bruton on April 18, 2014, he was reported as positive for depression. (Tr. 6). However, it is noteworthy that Plaintiff was

reportedly on no medications. (Tr. 6).  On May 13, 2014, Dr. Bruton reported that Plaintiff was negative for anxiety, depression, anhedonia, sadness and sleep disturbance. (Tr. 9).  On May 28, 2014, Dr. Bruton did not assess Plaintiff with depression. (Tr. 13).   On June 11, 2014, Dr. Bruton reported that Plaintiff was negative for anxiety, depression, anhedonia, sadness and sleep disturbance, and assessed Plaintiff with a urinary tract infection and congestive heart failure. (Tr. 15-16).

After a review of the entire record, the Court is of the opinion that considering Dr. Bunting's report, in conjunction with the other medical records in evidence, as well as Plaintiff's daily activities, the ALJ properly considered Plaintiff's mental impairments in determining his RFC.  He did not reject the opinion of any treating physician, examining physician, or nonexamining physician.  He carefully explained the weight he accorded the opinions of the examining and non-examining physicians, and incorporated all of the opinions into his determination that Plaintiff was capable of performing unskilled work.

### C.  Hypothetical Question to VE:

In written interrogatories, the ALJ posed the following hypothetical questions to the VE:

> 7.  Assume a hypothetical individual who was born on January 21, 1967, has a limited education and is able to communicate in English as defined in 20 CFR 404.1564 and 416.964, and has work experience as described in your response to question #6.  Assume further that this individual has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can understand, remember, and carry out simple, routine, repetitive tasks.  He can respond to usual work situations, routine work changes, and supervision that is simple, direct, and concrete.  He can occasionally interact with co-workers and the public.
>  . . .
> 10.  Could the individual described in item #7 perform any unskilled occupations with jobs that exist in the national economy?
> Yes.

8

      1. Assembly work/production/cencus code…Example: Bench Hand (watch & clock)…
      2. Machine Tenders/Production… Example: eye glass frame polisher
      3. Hand Packager

(Tr. 307-308). The VE further explained a conflict between his answer in #10 and the occupational information contained in the DOT and/or the SCO. (Tr. 308).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing such jobs as bench hand, eye glass frame polisher, and hand packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds there is substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 4th day of January, 2016.

                                          /s/ Erin L. Setser
                                          HONORABLE ERIN L. SETSER
                                          UNITED STATES MAGISTRATE